IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-151-BO

| | | |
|---|---|---|
| LINDA L. SHIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on July 24, 2013, at New Bern, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and Supplemental Security Income (SSI) pursuant to Titles II and XVI of the Social Security Act.

Plaintiff protectively applied for DIB and SSI on January 9, 2009, alleging disability since July 1, 2008. Her claims were denied initially and on reconsideration. After conducting a hearing an considering her claims de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: major depressive disorder and degenerative joint disease/degenerative disc disease of the cervical and lumbar spine. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found

that plaintiff had a residual functional capacity (RFC) to perform light work with some non-exertional limitations. At step four, the ALJ found that plaintiff was unable to perform her past relevant work, but found at step five that, after considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not under a disability through the date of his decision.

Plaintiff contends that the ALJ did not properly evaluate plaintiff's credibility and mis-evaluated the medical evidence resulting in an RFC that is not supported by substantial evidence. When making his credibility determination, the ALJ found that while plaintiff's impairments could be reasonably expected to cause the alleged symptoms, plaintiff's statements concerning intensity, persistence, and limiting effects were not credible. 20 C.F.R. § 1529; SSR 96-7p. The medical evidence in the record reveals that plaintiff had normal gait, full range of motion, and negative bilateral straight leg raise tests. Tr. 310-11. She was found to have normal grip strength and the ability to grasp, raise arms overhead, and perform dexterous movements of the hands. Tr. 311. Plaintiff also had normal motor, sensory and neurovascular status in spite of mild narrowing of the cervical canal. *Id.* No abnormalities were documented by an MRI of her right shoulder. Tr. 341.

Plaintiff reported during a psychological evaluation that she performed chores such as cleaning, mopping and sweeping as needed, carried out the trash, and prepared her own meals. Tr. 290. An acquaintance reported that plaintiff did laundry and cleaned the bathroom and kitchen, Tr. 303. Substantial evidence supports the ALJ's credibility finding that the intensity and persistence of plaintiff's reports of pain and difficulty were not credible in light of the

3

objective medical evidence and plaintiff's own reports of her daily activities.

Substantial evidence further supports the ALJ's finding at step two that plaintiff's borderline intellectual functioning was not a severe impairment. A severe impairment is one which significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). Although Dr. Strag diagnosed plaintiff with borderline to defective intellectual functioning, Tr. 291, his diagnosis was the only mention of any intellectual impairment in the record, and Drs. Gross and Coleman both found that the diagnosis was unsupported by mental status examination and was not consistent with fourteen years of mainstream education. Tr. 304, 452. In light of the absence of any further evidence to support that plaintiff suffers from borderline to defective intellectual functioning, the ALJ's decision to not find it severe is upheld.

## CONCLUSION

For the reasons discussed above, the Court holds that the ALJ employed the correct legal standard and that his decision is supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 24] is DENIED, defendant's motion for judgment on the pleadings [DE 26] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this _27_ day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4